# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **ANTHONY COTTON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 6:16-CV-00453-RP-JCM** |
| **TEXAS EXPRESS PIPELINE, LLC.,** | § | |
| **ENTERPRISE PRODUCTS** | § | |
| **OPERATING, LLC.,  WGR ASSET** | § | |
| **HOLDING COMPANY,  ENBRIDGE** | § | |
| **MIDCOAST ENERGY, LP,  DCP** | § | |
| **MIDSTREAM TEXAS EXPRESS, LLC,** | § | |
| **ENTERPRISE PRODUCTS** | § | |
| **PARTNERS, LP,  ALL OTHERS** | § | |
| **DOING BUSINESS AS TEXAS** | § | |
| **EXPRESS PIPELINE, LLC,** | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE

**TO:   THE HONORABLE ROBERT PITMAN,**
       **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C.

§ 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States

District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrate Judges.

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil

Procedure 12(b)(6). ECF No. 13. Also before the Court is Plaintiff's Motions for Leave to

Amend his Complaint. ECF Nos. 21, 23. Plaintiff, Anthony Cotton ("Plaintiff"), brings this suit

against Texas Express Pipeline LLC, Enterprise Products Operating LLC, WGR Asset Holding

Company, Enbridge Midcoast Energy, LP, DCP Midstream Texas Express LLC, and Enterprise

Products Partners ("Defendants") alleging Defendants violated several state laws as well as his

constitutional rights. ECF No. 9. Plaintiff is before the Court pro se and is proceeding in forma

1

pauperis. ECF No. 4. As further detailed below, the undersigned **RECOMMENDS** this case be

**DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), and Defendants' Motion to Dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 13) be **GRANTED** in part and

**DENIED** in part. The undersigned also **RECOMMENDS** that Plaintiff's Motions to Amend

(ECF Nos. 21, 23) be **DENIED.**

## I. BACKGROUND

This suit involves an alleged breach of an easement agreement. Plaintiff asserts the

following events. On March 28, 2013, Texas Express Pipeline, LLC and Ar.Delia D. Reed-

Cotton ("Reed-Cotton") executed a Permanent Easement Agreement involving land owned by

Reed-Cotton. *Id.* at 2. The Permanent Easement Agreement acknowledges that Defendants, as

grantees, have the right to use the pipeline "for transportation of oil, oil products, crude

petroleum, natural gas, gas liquids, liquefied minerals, or other mineral solutions." *Id.* Ex. 1. In

addition, Defendants agreed that "no uranium or other radioactive products shall be transported

through the pipeline." *Id.* On February 13, 2014, Reed-Cotton executed a quit claim deed with

Plaintiff transferring her interest in the easement property to Plaintiff. *Id.* at 3. Plaintiff

contends:

> Defendants are KNOWINGLY and INTENTIONALLY refusing
> to comply with and/or stop VIOLATING the Arrangements,
> Covenants, Rules, and/or Agreements which permits and
> authorizes the above Defendants to have access and continue to
> use Plaintiff Easement Property through, by way of, and/or from
> the operation of a PIPELINE BUSINESS OWNED by the
> Defendant's NAMED Texas Express Pipeline, LLC.

Pl.'s Am. Compl. at 1-2.

On December 8, 2016, Plaintiff filed suit against Defendants. ECF No. 1. On March 14,

2017, the undersigned granted Plaintiff's Motion for Leave to Amend Complaint. ECF No. 8. In

his Amended Complaint, Plaintiff asserts claims of: (1) breach of contract; (2) unjust

enrichment; (3) quantum meruit; (4) quantum valebant; (5) negligence; (6) promissory estoppel;

(7) contractual estoppel; (8) estoppel by acquiescence; (9) declaratory judgment; (10) private

nuisance; (11) anticipatory repudiation; (12) breach of implied contract; (13) scienter; and

(14) civil rights violations pursuant to 42 U.S.C. § 1983 against Defendants all arising from

Defendants' alleged breach of the Permanent Easement Agreement. Pl.'s Am. Compl. at 4-14.

Plaintiff further asserts that Defendants' actions resulted in Plaintiff suffering emotional

distress. *Id.* at 15. On April 28, 2017, Defendants filed a Motion to Dismiss under Federal Rule

of Procedure 12(b)(6). ECF No. 13. Plaintiff did not file a response to Defendants' Motion to

Dismiss, but rather filed a Motion for Leave to File Second Amended Complaint on May 22,

2017. ECF No. 21. On June 23, 2017, Plaintiff filed a subsequent Motion for Leave to File a

Second Amended Complaint. ECF No. 23. The undersigned will address each motion before the

Court below.

## II. LEGAL STANDARD

### A. Title 28 U.S.C. § 1915(e)(2)(B) Review

Title 28 U.S.C. § 1915 allows a plaintiff to proceed in forma pauperis, but it also

requires the court to evaluate that plaintiff's complaint for grounds to dismiss. *See* 28 U.S.C. §

1915(e)(2)(B). If the court determines that the complaint fails to state a claim on which relief

may be granted, it must dismiss the case. *Id.* Section 1915(e)(2)(B) of the United States Code

reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that . . .
>
> (B)    the action or appeal—

> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

*Id.*

Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases. *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (per curiam) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B). *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). "A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard of review applicable to dismissals made pursuant to Fed. R. Civ. P. 12(b)(6)." *Praylor v. Tex. Dep't of Criminal Justice*, 430 F.3d 1208, 1209 (5th Cir. 2005); *see also Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13. To survive 12(b)(6) dismissal, a plaintiff must plead enough facts to state a claim to relief that is both legally cognizable and plausible on its face, but the court should not evaluate the plaintiff's likelihood of success. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct, then the claim is plausible on its

4

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*,

634 F.3d 787,796 (5th Cir. 2011) (internal citation and quotation omitted). The plausibility

standard, unlike the "probability requirement," requires more than a sheer possibility that a

defendant acted unlawfully. *Id*. The pleading standard Rule 8(a)(2) does not require detailed

factual allegations but demands greater specificity than an unadorned, "the-defendant-

unlawfully-harmed-me accusation." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. A pleading

that offers "labels and conclusions," "naked assertion[s]" devoid of "further factual

enhancement," or "a formulaic recitation of the elements of a cause of action" will not suffice.

*Twombly*, 550 U.S. at 555, 557; *see also Taylor v. Books A. Million, Inc.*, 296 F.3d 376, 378

(5th Cir. 2002). Evaluating the plausibility of a claim is a context specific process that requires a

court to draw on its experience and common sense. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Plaintiff asserts a variety of state and federal claims in this case. Specifically, Plaintiff's

state law claims are: (1) negligence; (2) unjust enrichment; (3) private nuisance; (4) contractual

estoppel; (5) estoppel by acquiescence; (6) scienter; (7) breach of contract; (8) quantum meruit;

(9) quantum valebant; (10) promissory estoppel; (11) breach of implied contract; (12)

declaratory judgment; and (13) anticipatory repudiation. Plaintiff also attempts to bring suit

pursuant to 42 U.S.C. § 1983. Pl.'s Am. Compl. at 4.

Defendants move to dismiss Plaintiff's First Amended Complaint, asserting that Plaintiff

fails to state claims upon which relief can be sought. ECF No. 13. Before turning to Defendants'

Motion to Dismiss, the undersigned will first analyze the following claims pursuant to 28

U.S.C. § 1915: (1) negligence; (2) unjust enrichment; (3) private nuisance; (4) contractual

estoppel; (5) estoppel by acquiescence; (6) scienter; and (7) civil rights violations pursuant to 42

U.S.C. § 1983. Second, the undersigned will analyze the following claims pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) breach of contract; (2) quantum meruit; (3) quantum valebant; (4) promissory estoppel; (5) breach of implied contract; (6) declaratory judgment; and (7) anticipatory repudiation.

## A. 28 U.S.C. § 1915(e)(2)(B) Review

Plaintiff's (1) negligence; (2) unjust enrichment; (3) private nuisance; (4) contractual estoppel; (5) estoppel by acquiescence; (6) scienter; and (7) 42 U.S.C. § 1983 causes of action should be dismissed pursuant to 28 U.S.C. § 1915. As the Court explains below, the applicable statute of limitations bars Plaintiff's claims of: (1) negligence; (2) unjust enrichment; (3) and nuisance. Additionally, Plaintiff's claims of: (1) contractual estoppel; (2) estoppel by acquiescence; and (3) scienter claims are non-viable causes of actions in Texas. Finally, Plaintiff's claim of civil rights violations pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief may be granted. For the reasons stated below, the undersigned recommends that these claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 1. Claims Barred by Statute of Limitations

Plaintiff asserts claims of unjust enrichment, negligence, and private nuisance. Pl.'s Am. Compl. at 7, 8, 12. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (internal quotation and citation omitted); *see Bell v. Children's Protective Servs.*, 547 F. App'x 453, 456 (5th Cir. 2013) (per curiam); *see also Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). "Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise

the defense *sua sponte* in an action under 28 U.S.C. § 1915." *Pittman v. Conerly*, 405 F. App'x 916, 918 (5th Cir. 2010) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam). As explained below, the statute of limitations bars Plaintiff's unjust enrichment, negligence, and nuisance claims.

### a. Negligence and Unjust Enrichment Claims

Plaintiff sues Defendants for negligence and unjust enrichment. Texas provides a two-year statute of limitation for negligence and unjust enrichment claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998); *see also Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). While state law determines the statute of limitations, federal law controls when a cause of action accrues, and it begins to run "'from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Bell*, 547 F. App'x at 456 (5th Cir. 2013) (quoting *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987)). Federal courts, however, borrow the forum state's equitable tolling principles. *See Rotella*, 144 F.3d at 897. Limitations, if not tolled, generally continues to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office. *Gonzales*, 157 F.3d at 1020 (citing *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987); Fed. R. Civ. P. 3).

Construed liberally, Plaintiff asserts that he gained the property burdened by the easement on February 13, 2014. Pl.'s Am. Compl. at 3. Plaintiff maintains the alleged injury began on October 31, 2013. *Id.* Attached to Plaintiff's Amended Complaint is a "cease and desist" letter Plaintiff sent to Defendants on February 28, 2014 concerning the contract dispute in this case. *Id.* at 20. Because this letter sufficiently establishes that Plaintiff had knowledge of

the alleged injury at that time, Plaintiff's statute of limitations began running on February 28, 2014.  Plaintiff filed his Complaint in the instant proceeding on December 8, 2016; well over two years after the cause of action for these claims arose.[1] *See* Pl.'s Am. Compl. ¶ 22. Because more than two years have elapsed since the events giving rise to Plaintiff's claims occurred, his claims are time barred and the claims for negligence and unjust enrichment may not now be heard unless any grounds for tolling exist. Under Texas law, there are only two recognized doctrines that may delay accrual or toll limitations: (1) the discovery rule; and (2) fraudulent concealment. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015).

### i. Discovery Rule

The discovery rule applies on a categorical basis to injuries that are both inherently undiscoverable and objectively verifiable. *Id.* When applicable, the discovery rule "defers the accrual of the cause of action until the injury was or could have been reasonably discovered." *Id.* Here, Plaintiff sent a "cease and desist" letter to Defendants on February 28, 2014. Pl.'s Am. Compl. at 20. The cease and desist letter concerned the issue at the heart of this suit: Defendants alleged breach of the terms and conditions of the permanent easement contract. *Id.* Thus, Plaintiff had knowledge of the injury on February 28, 2014. Therefore, the discovery rule does not change the date of accrual from February 28, 2014.

### ii. Fraudulent Concealment

The date of accrual also does not change due to fraudulent concealment. Unlike the discovery rule's categorical approach, fraudulent concealment is a fact-specific equitable doctrine that tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence. *Valdez*, 465 S.W.3d at 229. When a defendant is under a duty to make a

---

[1] Specifically, Plaintiff filed his Complaint 2 years, 9 months, and 10 days after the date the statute of limitations began to run and 9 months, and 10 days beyond the expiration of the statute of limitations period.

disclosure but conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should reasonably have discovered it. *Id.* Texas courts have long recognized that "fraud vitiates whatever it touches," and have consistently held that "a party will not be permitted to avail himself of the protection of a limitations statute when by his own fraud he has prevented the other party from seeking redress within the period of limitations." *Id.* However, "the legal effect of that concealment does not extend the limitations period indefinitely." *Id.* Rather, "[t]he estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action." *Id.* "Knowledge of such facts is in law equivalent to knowledge of the cause of action." *Id.*

Here, even if Defendants concealed the cause of action from Plaintiff, Plaintiff's cease and desist letter shows that Plaintiff learned of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action on February 28, 2014. Pl.'s Am. Compl. at 20. Therefore, the accrual date remains February 28, 2014 and Plaintiff's negligence and unjust enrichment claims fail to state a claim for relief that is plausible on its face. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *see also Twombly*, 550 U.S. at 570. Thus, the undersigned recommends Plaintiff's negligence and unjust enrichment claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### b. Private Nuisance Claim

Plaintiff's private nuisance claim is also barred by the two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003; *see also Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004). A person must bring suit for a private nuisance claim no later than two years after the date that the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. The accrual date for a private nuisance is not defined by statute, but is a question of law for the courts. *Schneider*, 147 S.W.3d at 270. Under Texas law, the accrual of a nuisance claim depends on whether the alleged nuisance is "temporary" or "permanent." *Id.* A temporary nuisance claim accrues anew upon each injury, whereas a permanent nuisance claim accrues when the injury either first occurs or is first discovered. *Id.* A nuisance is a permanent nuisance if: (1) the injury caused by the nuisance cannot be repaired, fixed or restored; or (2) even though the injury is repairable, it is substantially certain that the injury will repeatedly and regularly recur so that the future injury can be reasonably evaluated. *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474, 480 (Tex. 2014). On the other hand, a nuisance is only temporary if it passes a two-element test. *Id.* First, the nuisance must be fixable, repairable, or restorable. *Id.* Second, any anticipated recurrence of the nuisance would only be occasional, irregular, or not reasonably predictable so that future injury cannot be estimated to a reasonable degree of certainty. *Id.*

The alleged nuisance in this case is a transportation of radioactive products through a pipeline. Pl.'s Am. Compl. at 2-3. Even though the injury is repairable, Defendants regularly use the pipeline to transport alleged radioactive products; therefore, future injury can reasonably be evaluated, making the nuisance a permanent nuisance. A permanent nuisance claim accrues when the injury either first occurs or is first discovered. *Schneider*, 147 S.W.3d at 270.

Here, Plaintiff gained the property burdened by the easement on February 13, 2014. *Id.* at 3. Plaintiff maintains the alleged nuisance began on October 31, 2013. *Id.* Plaintiff's Amended Complaint and supporting exhibits show that Plaintiff had notice of the alleged nuisance on February 28, 2014. *Id.* at 3-4, Ex. 4. As stated above, a person must bring suit for a private nuisance claim no later than two years after the date that the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Therefore, the latest deadline for filing suit was February 28, 2016. Plaintiff , however, did not file his original complaint until December 8, 2016. ECF No. 1. Accordingly, Plaintiff's nuisance claim fails to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. Thus, the undersigned recommends that Plaintiff's nuisance claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 2. Non-Viable Causes of Action

Plaintiff asserts "claims" for contractual estoppel, estoppel by acquiescence, and scienter. Pl.'s Am. Compl. at 10-11, 14-15. Texas, however, does not recognize these as causes of action. In Texas, contractual estoppel and estoppel by acquiescence are affirmative defenses, not independent causes of action. *See Hermann Hosp. v. Nat'l Standard Ins. Co.*, 776 S.W.2d 249, 254 (Tex. App.—Houston [1st Dist.] 1989, writ denied) ("[e]stoppel is defensive in character, and its function is to preserve rights, and not to bring into being an independent cause of action."); *see e.g. Forney 921 Lot Dev. Partners I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 268 (Tex. App.—Dallas 2011, pet. denied) (stating estoppel by contract and estoppel by acquiescence are affirmative defenses). Because no affirmative claim for contractual estoppel or estoppel by acquiescence exists in Texas, Plaintiff fails to state a claim upon which relief may be granted.

The above also holds true for Plaintiff's scienter "claim." While scienter is an element of

certain causes of action, it is not an independent cause of action. *See e.g. Tellabs, Inc.*, 551 U.S. at 319 ("To establish liability under § 10(b) and Rule 10b-5, a private plaintiff must prove that the defendant acted with scienter, a mental state embracing intent to deceive, manipulate, or defraud." (internal quotations omitted)). Because no affirmative claim for scienter exists in Texas, Plaintiff fails to state a claim upon which relief may be granted. Thus, the undersigned recommends that Plaintiff's "claims" of contractual estoppel, estoppel by acquiescence, and scienter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 3. 42 U.S.C. § 1983 Claim

Finally, Plaintiff attempts to bring suit against Defendants for violation of his civil rights. *See* Pl.'s Am. Compl. at 4. Civil rights violations fall under 42 U.S.C. § 1983. To properly state a claim under § 1983, however, a plaintiff must: (1) allege the violation of a right secured by the Constitution and laws of the United States; and (2) show that the alleged deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff fails to allege facts sufficient enough to properly state a claim under § 1983. All pleading in federal court must meet the Rule 8(a)(2) pleading standard. The Supreme Court has held that a pleading consisting of "naked assertion[s]" without "further factual enhancement" does not meet the federal pleading standard. *Twombly*, 550 U.S. at 557. In his Amended Complaint, Plaintiff uses the type of "naked assertion[s]" prohibited by *Twombly*.

In a conclusory fashion, Plaintiff alleges that Defendant committed civil rights violations. Pl.'s Compl. at 4. Plaintiff provides no factual basis for this claim. He neither: (1) alleges what constitutional right Defendants violated; nor (2) alleges that Defendants acted under color of law. *See id.* Because the factual allegations provided do not enhance his § 1983

claim, much less provide a basis for such a claim, Plaintiff has failed to state a claim upon which relief can be sought. Therefore, the undersigned recommends that Plaintiff's civil rights claim be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## B. Defendants' Motion to Dismiss

The Court now turns to Defendants' Motion to Dismiss concerning Plaintiff's claims of: (1) breach of contract; (2) quantum meruit; (3) quantum valebant; (4) promissory estoppel; (5) breach of implied contract; (6) declaratory judgment; and (7) anticipatory repudiation. For the reasons stated below, the undersigned recommends that Defendants' Motion to Dismiss be Granted as to these seven causes of action.

### 1. Breach of Contract Claim

Plaintiff first asserts a claim of breach of contract against Defendants based on the Permanent Easement Agreement. Pl.'s Am. Compl. at 5. Specifically, Plaintiff alleges that: (1) the contract prohibits the transportation of any radioactive materials; (2) natural gas liquids are radioactive materials; and (3) Defendants have transported natural gas liquids through the pipeline on Plaintiff's property. *Id.* As the undersigned will discuss below, Plaintiff's allegations are not sufficient to demonstrate a breach of contract pursuant to Federal Rule of Civil Procedure 12(b)(6).

### a. Rules of Contract Construction

Texas courts interpret easements according to basic principles of contract construction and interpretation. *CenterPoint Energy Houston Elec. LLC v. Bluebonnet Drive, Ltd.*, 264 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing *Marcus Cable Assocs. v. Krohn,* 90 S.W.3d 697, 700 (Tex. 2002)). Courts construe contracts as a matter of

law. *CenterPoint Energy*, 264 S.W.3d at 388 (citing *J.M Davidson, Inc. v. Webster,* 128 S.W.3d

223, 226, 229 (Tex. 2003); *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex. 1983)). The intent of the

parties, as expressed in the grant, determines the scope of the interest conveyed. *CenterPoint*

*Energy*, 264 S.W.3d at 388 (citing *Marcus Cable*, 90 S.W.3d at 700-01). To interpret the

parties' intentions adequately and to discern the scope of the rights conveyed to the easement

holder, courts should focus on the terms of the granting language. *Marcus Cable*, 90 S.W.3d at

701.

Courts rely solely on the written terms of the easement unless the language is

ambiguous. *Koelsch v. Indus. Gas Supply Corp.* 132 S.W.3d 494, 497 (Tex. App.–Houston [1

Dist.] 2004, pet. denied). When terms are not defined in the contract, courts should give them

their "plain, ordinary, and generally accepted meaning." *Marcus Cable*, 90 S.W.3d at 701.

Courts must consider the entire writing, assume that the parties intended to give effect to every

clause they chose to include, and strive to harmonize and give effect to all the provisions of the

contract by analyzing the provisions with reference to the whole agreement. *Frost Nat'l Bank v.*

*L & F Distribs.*, 165 S.W.3d 310, 312 (Tex. 1999). If there is a conflict in the provisions of a

contract, "[c]ourts turn to well-established rules of construction to resolve conflicts in contract

provisions." *Sefzik v. Mady Dev., L.P.*, 231 S.W.3d 456, 462 (Tex. App.—Dallas 2007, no pet.).

Courts must "attempt to harmonize the two provisions and assume the parties intended every

provision to have some effect." *United Protective Servs. v. W. Vill. L.P.*, 180 S.W.3d 430, 432

(Tex. App.—Dallas 2005, no pet.).

Additionally, "[w]hen interpreting the granting language of an easement, courts should

resolve doubts about the parties' intent against the grantor, or servient estate and adopt the

interpretation that is the least onerous to the grantee, or dominant estate in order to confer on the

14

grantee the greatest estate permissible under the instrument." *CenterPoint Energy*, 264 S.W.3d at 388-89 (citing *Houston Pipe Line Co. v. Dwyer*, 374 S.W.2d 622, 665 (Tex. 1964); *see also Rutherford v. CenterPoint Energy Houston Elec., LLC*, No-01-10-00186-CV, 2011 WL 3359712, at *4 (Tex. App.—Houston [1st Dist.] Aug. 4, 2011, no pet.) (mem. op.); *Boersching v. Southwest Holdings, Inc.*, 322 S.W.3d 752, 759 (Tex. App.—El Paso 2010, no pet.).

### b. The Terms of the Easement

Because Plaintiff attached the relevant contract language to his Amended Complaint as "Exhibit 1," it is part of the pleadings and may be considered in a Rule 12 motion. Fed. R. Civ. P. 10(c); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Moreover, the actual contract language in Exhibit 1 prevails over Plaintiff's description of the contract in his Amended Complaint. *See United States ex. Rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (if a pleading allegation "is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls"). The easement in this case forbids the transportation of "uranium and other radioactive products;" however, it also expressly grants Defendants the right to transport "natural gas" and "gas liquids." Pl.'s Am. Compl., Ex. 1.

Plaintiff alleges that the phrase "other radioactive products" prohibits all natural gas liquids from being transported through the pipeline on his property because natural gas liquids contain radioactive materials. *See id.* at 7, 10. Contractual construction and "[t]he interpretation of an agreement should not render any material terms meaningless." *Sefzik*, 231 S.W.3d at 462. Here, the contract expressly grants Defendants the right to transport "natural gas" and "gas liquids." If the ban on "other radioactive products" completely eliminated this express right,

"the language expressly granting that right would be rendered meaningless." Thus, Plaintiff's interpretation is not reasonable because it would completely eliminate the expressly granted right for Defendants to transport "natural gas" and "gas liquids."

On the other hand, Defendants allege that these provisions can be harmonized by interpreting the prohibition on "uranium and other radioactive products" to apply only to ultra-hazardous products, like uranium, but not to all natural gas liquids. Defs.' Mot. at 5. The undersigned finds Defendants' interpretation of the phrase "other radioactive products" reasonable on three grounds. First, Defendants' interpretation gives effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. Thus, Defendants' interpretation complies with the rule of contract construction that assumes that the parties intended to give effect to every clause they chose to include by not rendering any term or provision of the easement meaningless. *Frost Nat'l Bank*, 165 S.W.3d at 312. *Id.*

Second, Defendants' interpretation fits within the context of "*uranium* and other radioactive products." Pl.'s Am. Compl. Ex. 1. In construing agreements found to be ambiguous, specific terms will control over general terms on the same topic. *AT&T Corp. v. Rylander*, 2 S.W.3d 546, 560 (Tex. App.—Austin 1999, pet. denied) (citing *Hinojosa v. Housing Auth.,* 940 S.W.2d 763, 766 (Tex. App.—San Antonio 1997, no writ); *Hussong v. Schwan's Sales Enters., Inc.,* 896 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1995, no writ). Here, "uranium" controls the general phrase "other radioactive products." This favors interpreting "other radioactive products" to apply only to ultra-hazardous products like uranium.

Finally, Defendants' interpretation complies with the rule that, when constructing easements, courts resolve any doubts about the parties' intent against the grantor, or servient estate, in favor of the grantee, or dominant estate. *See CenterPoint*, 264 S.W.3d at 388-89.

Because Defendants interpretation is the only reasonable interpretation of the contract, the undersigned recommends that it be found to apply as a matter of law. *Marcus Cable*, 90 S.W.3d at 703.

Following this interpretation, Plaintiff fails to plead plausible facts showing entitlement to relief for breach of contract. Plaintiff fails to allege that Defendants transported uranium or any other ultra-hazardous materials through the pipeline on Plaintiff's property. Instead, Plaintiff's Amended Complaint asserts that the transportation of any natural gas liquid violates the contract. Pl.'s Am. Compl. at 3. As explained above, Exhibit 1 of Plaintiff's Amended Complaint shows that this assertion is not accurate. *Id.* at Ex. 1. Therefore, because Plaintiff fails to state a claim for breach of contract upon which relief may be granted, the undersigned recommends that Plaintiff's breach of contract claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Purvis Operating Co. v. St. Paul Surplus Lines Ins. Co.*, No. MO-10-CV-147, 2011 U.S. Dist. LEXIS 155393, at *11-18 (W.D. Tex. Sept. 20, 2011) (construing contract as a matter of law and granting Rule 12(b)(6) motion to dismiss).

### 2. Quasi Contract Claims (Quantum Meruit; Quantum Valebant; Promissory Estoppel; Breach of Implied Contract)

Plaintiff alleges quasi contractual claims of quantum meruit, quantum valebant, promissory estoppel, and breach of implied contract. Pl.'s Am. Compl. at 7-10, 13-14. As discussed below, each of these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim upon which relief may be granted.

Under Texas law, the principal function of quasi contract is generally said to be that of prevention of unjust enrichment. *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000). A quasi-contract is not a peculiar brand of contract; it is not a contract at all, but an obligation imposed by law to do justice even if no promise was made or intended. *Id.* at 684.

Generally speaking, however, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory. *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 50 (Tex. 2008); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005); *Fortune Production Co*, 52 S.W.3d at 684; *see also Knebel v. Capital Nat'l Bank*, 505 S.W.2d 628, 631-32 (Tex. Civ. App.—Austin 1974), *rev'd in part on other grounds*, 518 S.W.2d 795 (Tex. 1974) (citing *Phoenix Lumber Co. v. Hous. Water Co.*, 61 S.W. 707, 709 (Tex. 1901)). The rationale for the above rule is that parties should be bound by their express agreements. *Fortune Production Co*, 52 S.W.3d at 684. When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement. *Id.*

Here, each of the quasi contractual claims asserted by Plaintiff covers the same subject matter: the alleged transportation of radioactive materials through the pipeline on Plaintiff's property. Pl.'s Am. Compl. at 7-10, 13-14. Plaintiff, however, alleges that "Plaintiff and Defendants . . . have a Contract" that governs this subject. *Id.* at 5. Additionally, Defendants do not dispute the existence of a valid agreement between Plaintiff and Defendants. Defs.' Mot. at 7. Further, both parties agree that the easement agreement governs what materials may or may not be transported through the pipeline on Plaintiff's property. *Id.* When an express contract governs the subject matter of the dispute, the express contract will bar a quasi-contractual claim even if it is pled in the alternative if the express contract is found to be valid. *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 722-23 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding express contract barred quantum meruit claim pleaded as an alternative ground for relief). Therefore, because a valid express contract governs this dispute, Plaintiff's quasi-contractual claims fail to state a claim upon which relief may be granted and should be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). However, in an abundance of caution, the undersigned below will analyze each quasi contractual claim for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### a. Quantum Meruit Claim

Quantum meruit is a common law action of assumpsit for services done for another, "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (internal quotations and citation omitted). To recover on a claim of quantum meruit, a plaintiff must prove: (1) that valuable services were rendered or materials were furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged. *Vortt Expl. Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

Here, Plaintiff's pleadings address the first three elements by including statements that Defendants used Plaintiff's property to transport materials through a pipeline. Pl.'s Am. Compl. at 2-4. Plaintiff's pleadings, however, fail to address the last element concerning whether Defendants were reasonably aware or reasonably notified that Plaintiff expected Defendants to pay him for their use of the pipeline. In fact, the February 28, 2014 notice Plaintiff sent to Defendants does not address payment at all, but rather merely instructs Defendants to "immediately CEASE AND DESIST." *Id.* at Ex. 4. Because Plaintiff's pleadings fail to address the fourth element necessary for a quantum meruit cause of action, Plaintiff's quantum meruit claim is without merit. Therefore, the undersigned recommends that Plaintiff's quantum meruit

claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### b. Quantum Valebant Claim

Quantum valebant is a common law action of assumpsit for goods sold and delivered, founded on the implied promise to pay what the goods are worth. *See* Black's Law Dictionary 1244 (6th Ed. 1990). Similar to quantum meruit, it concerns an implied promise to pay for the reasonable market value of goods delivered to the buyer.[2] *See State Pipe & Supply, Inc. v. Trident Steel Corp.*, No. 14-99-00536-CV, 2000 WL 1591057, at *6 (Tex. App.—Houston [14th Dist.] Oct. 26, 2000, pet. denied) (not designated for publication); *see also Meritocratic, Inc. v. Bay Elec. Supply, Inc.*, No. 07-97-0438-CV, 1999 WL 239870, at *1 (Tex. App.—Amarillo April 23, 1999, no pet.) (not designated for publication).

Here, Plaintiff's pleadings fail to make any reference to goods delivered from himself to Defendants. The pleadings, instead, concern real property and an executed contract for an easement. Pl.'s Am. Compl. at 2-4. Because Plaintiff's pleadings fail to address goods delivered from himself to Defendants, Plaintiff's quantum valebant claim is without merit. Therefore, the undersigned recommends that Plaintiff's quantum valebant claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### c. Promissory Estoppel Claim

Promissory estoppel is an available cause of action to a promisee who relied to his detriment on an otherwise unenforceable promise. *Frost Crushed Stone Co., Inc. v. Odell Geer Const. Co., Inc.*, 101 S.W.3d 41, 44 (Tex. App.—Waco 2002, no pet.). The requisite elements

---

[2] Quantum valebant ("as much as they were worth") is similar to quantum meruit, but instead of recovery for services rendered it seeks remuneration for goods sold and delivered. 3 TEX. PRAC. GUIDE BUS. & COM. LITIG. § 19:326 (2016). Actions on quantum valebant to recover the reasonable value of goods sold is based on a quasi-contractual obligation implied by law regardless of any agreement. *Id.* There are very few cases specifically addressing quantum valebant because the sale of goods is generally covered by the Uniform Commercial Code, *see* Tex. Bus. & Com. Code Ann. §§ 2.101 et seq. *Id.*

of promissory estoppel in Texas are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial and detrimental reliance by the promisee. *Id.*; *see also English v. Fisher*, 660 S.W.3d 521, 524 (Tex. 1983). Here, Plaintiff sufficiently alleges the first element of promissory estoppel by asserting that "[t]he Defendant Agreed not to Transport Radioactive Products through the Pipeline on Plaintiff Easement Property." Pl.'s Am. Compl. at 10. Plaintiff, however, fails to address whether Plaintiff's reliance on that promise was foreseeable to Defendants. Additionally, Plaintiff fails to allege how he substantially and detrimentally relied on the alleged promise made by Defendants. Plaintiff also fails to assert that he took substantial actions based on the alleged promise.

Moreover, even if Plaintiff sufficiently alleged he relied on Defendants' alleged promise, he fails to assert how that reliance resulted in his detriment. Specifically, while Plaintiff alleges that Defendants' actions caused injury to his land and his mental health, he fails to allege that his reliance on Defendants' alleged promise directly resulted in this injury. *Id.* at 15. Therefore, Plaintiff's promissory estoppel claim is without merit. Thus, the undersigned recommends that Plaintiff's promissory estoppel claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### d. Breach of Implied Contract Claim

Finally, Plaintiff sues Defendants for breach of an implied contract. Pl.'s Am. Compl. at 13-14. A contract is implied when its terms arise from the acts and conduct of the parties. *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). The elements of express and implied contracts are identical. *Univ. Nat'l Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex. App.—San Antonio 1989, no writ). These elements are: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) each party's consent to the terms;

and (5) execution and delivery of the contract with the intent that it be mutually binding. *Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The real difference between express contracts and implied contracts is the character and manner of proof required to establish them. *Haws*, 480 S.W.2d at 609. In the case of an implied contract, the element of mutual agreement is inferred from the circumstances. *Id.* A meeting of the minds is implied from and evidenced by the parties' conduct and course of dealing. *Id.*

Here, Plaintiff's pleadings fail to allege that an offer or acceptance of an agreement outside of the Permanent Easement Agreement exists between Defendants and Reed-Cotton.[3] In fact, Plaintiff has not alleged that he had any contact with Defendants other than a letter he sent on February 28, 2014, demanding Defendants cease and desist their use of transporting radioactive materials through the pipeline on Plaintiff's land. Pl.'s Am. Compl. at 3-4.

Additionally, the cease and desist letter attached to Plaintiff's complaint shows that no mutual agreement or meeting of the minds existed between Plaintiff and Defendants. *Id.* Ex. 4. The cease and desist letter references a letter sent by Defendants' counsel dated December 16, 2013. *Id.* Defendants presumably sent the letter to Reed-Cotton as Plaintiff did not have ownership of the land until February 13, 2014. *Id.* at 3. In the December 16, 2016 letter, Defendants assert: "TEP is transporting natural gas liquids in the pipeline, a product that is expressly authorized under paragraph 1 of the Permanent Easement Agreement." *Id.* This shows that Plaintiff clearly knew Defendants believed they could legally transport their natural gas liquids through the pipeline. Because this is the only alleged contact between Plaintiff and Defendants, it implies that Plaintiff and Defendants never had a meeting of the minds where

---

[3] As discussed above, "[w]here there exists a valid express contract covering the subject matter, there can be no implied contract . . . [i]f there was an express contract, there can be no implied contract arising out of the acts of performance of it." *Knebel*, 505 S.W.2d at 632 (citing *Phoenix Lumber Co.*, 61 S.W. at 709).

they each consented to the terms of an agreement. Because Plaintiff fails to allege an offer or acceptance outside of the Permanent Easement Agreement or circumstances that mutual agreement can be inferred from, Plaintiff's breach of implied contract claim is without merit. Thus, the undersigned recommends that Plaintiff's breach of implied contract claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 3. Declaratory Judgment

Plaintiff asserts a claim for declaratory judgment. Pl.'s Am. Compl. at 12. Plaintiff requests a declaration "to make clear the terms of the Contract between Plaintiff and the Defendants and to establish that the Products being transported by the Defendants are In Fact RADIOACTIVE." *Id.* Defendants respond that declaratory judgment concerning Plaintiff's contractual rights is unnecessary because a final judgment in this case will resolve these specific issues. Defs.' Mot. at 9. Because Plaintiff does not assert whether his claim is under the Federal Declaratory Judgment Act outlined in 28 U.S.C. § 2201 or under the Texas Uniform Declaratory Judgments Act outlined in Texas Civil Practices and Remedies Code § 37.002, the undersigned will analyze the claim under both.

Under 28 U.S.C. § 2201, a separate declaratory judgment action would be redundant. *See Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016) (declaratory judgment claim redundant of breach of contract claims has no "useful purpose") (citing with approval *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720 (S.D. Tex. July 14, 2014) ("Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit.")); *see also Landscape Design and Constr., Inc. v. Transp. Leasing/Contract, Inc.*, No. CIV.A.3:00-CV-0906-D, 2002 WL 257573 at *11 (N.D. Tex. Feb.

19, 2002) (dismissing declaratory judgment action that sought resolution of substantive claims that were already the basis of lawsuit). The main issues of this controversy concern whether the parties entered into an enforceable contract and, if so, whether the Defendants breached the contract. Pl.'s Am. Compl. at 2. These questions will be resolved as part of other claims in the lawsuit that Plaintiff asserts. Therefore, Plaintiff's declaratory judgment claim under 28 U.S.C. § 2201 serves no useful purpose, and the undersigned recommends that it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Additionally, Texas courts have held that "[t]here is no basis for declaratory relief when a party is seeking in the same action a different, enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment for the enforceable remedy." *Kyle v. Strasburger*, No. 16-0046, 2017 WL 2608344, at *4 n.10 (Tex. June 16, 2017) (quoting *Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Here, Plaintiff seeks a different enforceable remedy for breach of contract in this same action. Pl.'s Am. Compl. at 5. A final judgment for the breach of contract action would either implicitly or expressly make clear the terms of the contract between Plaintiff and Defendants. Therefore, there is no basis for Plaintiff's declaratory judgment claim under Texas Civil Practices and Remedies Code § 37.002, and the undersigned recommends that it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 4. Anticipatory Repudiation

Repudiation or anticipatory breach is an unconditional refusal to perform a contract in the future, which can be expressed either before performance is due or after partial performance. *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). With regard to anticipatory breaches of a contract, it has long been the law in Texas that before

there can be an anticipatory breach, there must be an unconditional declaration of an intention not to perform the contract. *Davis v. Canyon Creek Estates Homeowners Ass'n*, 350 S.W.3d 301, 313 (Tex. App.—San Antonio 2011, pet. denied) (citing *Pollack v. Pollack,* 39 S.W.2d 853, 857 (Tex.Com.App.1931, holdings approved), *reh'g denied*, 46 S.W.2d 292 (1932); *see Moore v. Jenkins*, 109 Tex. 461, 211 S.W. 975, 976 (1919); *see also Kilgore v. Nw. Tex. Baptist Educational Society*, 90 Tex. 139, 37 S.W. 598, 600 (1896); *McKenzie v. Farr*, 541 S.W.2d 879, 882 (Tex.Civ.App.-Beaumont 1976, writ ref'd n.r.e.)). The repudiation must be a distinct, positive, unequivocal, and absolute refusal to perform the contract in the future. *Davis*, 350 S.W.3d at 313.

Here, Plaintiff fails to allege that any Defendant made an unconditional declaration of an intention not to perform the contract. Instead, Plaintiff simply alleges:

> [t]he Defendants in Case are Reneging on their Obligations under our Contract by Receiving and Transporting Radioactive Products through the Pipeline on Plaintiff's Easement Property and it appears they have No intentions on stopping the Violation or Honoring their Promise not to Transport Radioactive Products.

Pl.'s Am. Compl. at 13. This is nothing more than Plaintiff simply reiterating his breach of contract claim against Defendants. Thus, Plaintiff's contention does not amount to an allegation that Defendants made an unconditional declaration of an intention not to perform the contract that is a distinct, positive, unequivocal, and absolute refusal to perform the contract in the future. Additionally, as discussed above, Plaintiff's pleadings do not demonstrate that Defendants actions amount to a breach of contract. Therefore, because Plaintiff fails to establish any Defendant made an unconditional declaration of an intention not to perform the contract and because Plaintiff fails to establish that Defendants breached the contract, the undersigned

recommends that Defendants Motion to Dismiss concerning Plaintiff's anticipatory repudiation claim be granted.

## C. Motion for Leave to Amend Complaint

On May 22, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint ECF No. 21. On June 23, 2017, Plaintiff filed yet another Motion for Leave to File an Amended Complaint. ECF No. 23. The Supreme Court lists five considerations in determining whether to deny leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (5) futility of the amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Absent such factors, "the leave sought should, as the rules require, be 'freely given.'" *Rosenzwig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Forman*, 371 U.S. at 182).

Here, the undersigned finds that the fifth factor is present in this case. Both of Plaintiff's proposed amended complaints are merely restatements of the facts and allegations presented in Plaintiff's Amended Complaint for the following claims: (1) breach of contract; (2) unjust enrichment; (3) quantum meruit; (4) quantum valebant; (5) negligence; (6) promissory estoppel; (7) estoppel by acquiescence; (8) declaratory judgment; (9) private nuisance; (10) anticipatory repudiation; (11) breach of implied contract; (12) scienter; and (13) civil rights violations. ECF No. 21 at 5-19. Plaintiff provides no new information or allegations concerning these claims; therefore, both of Plaintiff's proposed amended complaints fail to cure any issues raised in this report and recommendation.

Moreover, Plaintiff's proposed amended complaints seek to add seven additional claims of breach of contract or unjust enrichment. ECF No 21. at 19-29. Plaintiff bases his proposed

breach of contract claims on the same Permanent Easement Agreement as his original breach of contract claim in his Amended Complaint. *Id.* The proposed breach of contract claims all stem from the same allegation that Defendants are violating the contract by transporting radioactive products within natural gas through the pipeline on Plaintiff's property. *Id.* Plaintiff, however, fails to allege any new facts to support his interpretation of the term "other radioactive products" or any new reasons why his interpretation is reasonable under the rules of contract construction. *Id.* In addition, Plaintiff fails to allege any new facts to establish that the new unjust enrichment claims are not barred by the two-year statute of limitations that bar Plaintiff's original unjust enrichment claim asserted in his Amended Complaint. *Id.* Because Plaintiff's proposed second amended complaint fails to cure any issues raised in this report and recommendation, the undersigned recommends that Plaintiff should be denied leave to amend his complaint again.

## IV. CONCLUSION

In sum, the undersigned recommends Plaintiff's claims of: (1) negligence; (2) unjust enrichment; and (3) private nuisance be dismissed because they are barred by the applicable statute of limitations. Additionally, the undersigned recommends Plaintiff's claims of: (1) contractual estoppel; (2) estoppel by acquiescence; and (3) scienter be dismissed because they are non-viable causes of actions in Texas. The undersigned also recommends Plaintiff's claim of civil rights violations pursuant to 42 U.S.C. § 1983 be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. Finally, the undersigned recommends Defendants' Motion to Dismiss Plaintiff's claims of: (1) breach of contract; (2) quantum meruit; (3) quantum valebant; (4) promissory estoppel; (5) breach of implied contract; (6) declaratory judgment; and (7) anticipatory repudiation be granted pursuant to Federal Rule

of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

## V. RECOMMENDATION

After thoroughly reviewing the record, the undersigned **RECOMMENDS** the following:

1. Plaintiff's Amended Complaint (ECF No. 9) should be **DISMISSED with prejudice pursuant to 28 U.S.C. § 1915** against all Defendants concerning Plaintiff's claims of: (1) negligence; (2) unjust enrichment; and (3) private nuisance.

2. Plaintiff's Amended Complaint (ECF No. 9) should be **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915** against all Defendants concerning Plaintiff's claims of:   (1) contractual estoppel; (2) estoppel by acquiescence; (3) scienter; and (4) civil rights violations pursuant to 42 U.S.C. § 1983.

3. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 13) should be **GRANTED in part** and **DENIED in part**. Specifically,

   a) Defendants' Motion to Dismiss should be **GRANTED** and Plaintiff's Amended Complaint should be **DISMISSED without prejudice** as to Plaintiff's claims of: (1) breach of contract; (2) quantum meruit; (3) quantum valebant; (4) promissory estoppel; (5) breach of implied contract; (6) declaratory judgment; and (7) anticipatory repudiation.

   b) Defendants' Motion to Dismiss should be **DENIED as moot** as to Plaintiff's claims of: (1) negligence; (2) unjust enrichment; (3) private nuisance; (4) contractual estoppel; (5) estoppel by acquiescence; (6) scienter; and (7) civil rights violations pursuant to 42 U.S.C. § 1983.

4. Plaintiff's Motions to Amend (ECF Nos. 21, 23) should be **DENIED.**

## VI. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996) (en banc).

**SIGNED** July 19, 2017.

**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**

29