IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| ANTHONY COTTON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-CV-453-RP-JCM |
| | § | |
| TEXAS EXPRESS PIPELINE, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Jeffrey C. Manske, (Dkt. 25), concerning the Motion to Dismiss filed by Defendants Texas Express Pipeline LLC, Enterprise Products Operating LLC, WGR Asset Holding Company, Enbridge Midcoast Energy, LP, DCP Midstream Texas Express LLC, and Enterprise Products Partners (together, "Defendants"), (Dkt. 13); and the Motions for Leave to File an Amended Complaint filed by Plaintiff Anthony Cotton ("Cotton"), (Dkts. 21, 23). Also before the Court are Cotton's timely filed objections. (Dkt. 27).

This case was referred to Magistrate Judge Manske for a report and recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

In his report and recommendation, Magistrate Judge Manske recommends that Defendants' motion be granted and that Cotton's motions be denied. (R. & R., Dkt. 25, at 28). Having considered the parties' submissions, the record, and the applicable law, the Court will adopt the report and recommendation in part and reject it in part.

## I. BACKGROUND

This case concerns the terms of a pipeline easement. (Am. Compl., Dkt. 9, at 2–3). Through a quitclaim deed, Cotton acquired a parcel of land subject to an easement owned by Defendants. (*Id.* at 3). Cotton argues that the easement contract provides that "no radioactive products or materials are to be transported through the pipeline" and that Defendants have breached that provision by conveying a number of radioactive materials—including radon gas, polonium-210, and lead-210— through the pipeline. (*Id.* at 2–3). Defendants argue that their express contractual right to transport "natural gas" and "gas liquids" entails a cabined construction of the "radioactive materials" clause. (Mot. Dismiss, Dkt. 13, at 3). They filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), in which they each argue that none of Cotton's many causes of action state a claim for relief. (*Id.* at 12). Magistrate Judge Manske agreed and recommended that the Court dismiss Cotton's complaint in its entirety. (R. & R., Dkt. 25, at 28). Cotton then timely filed objections to every part of the report and recommendation. (Obj., Dkt. 7).

## II. LEGAL STANDARDS

### *A. Federal Magistrates Act*

Under federal statute and the Federal Rules of Civil Procedure, magistrate judges may make findings and recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are dispositive motions under the Federal Magistrates Act. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1)(A)). For dispositive motions, parties are entitled to *de novo* review of any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

### *B. Federal Rule of Civil Procedure 12(b)(6)*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court

"accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotation marks omitted). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiff's] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (citation and internal quotation marks omitted). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Because Cotton timely objected to every part of the magistrate judge's report and recommendation, he is entitled to *de novo* review of the entire report and recommendation. Having conducted a *de novo* review of the record and applicable law, the Court agrees with the magistrate judge's factual findings and legal conclusions in most of the report and recommendation and adopts the report and recommendation with the exception of the analysis and recommendation pertaining to Cotton's breach of contract claim. (R. & R., Dkt. 25, at 13–16). Because the Court reaches a

3

different conclusion with respect to Cotton's breach of contract claim, it declines to adopt that portion of the report and recommendation.

At the heart of the magistrate judge's analysis of Cotton's breach of contract claim are two premises. The first premise is that Cotton's construction of the contract would "completely eliminate" Defendants' contractual right to convey natural gas and gas liquids through the pipeline. (*Id.* at 16). Finding that premise to be unreasonable, the magistrate judge recommended interpreting the "radioactive products" clause to include only "ultra-hazardous products like uranium." (*Id.*). The second premise is that Cotton has failed to plead that Defendants are conveying such ultra-hazardous products through the pipeline. (*Id.* at 17). On the basis of that premise, the magistrate judge concluded Cotton failed to plausibly allege that Defendants have breached their contract and therefore failed to state a claim for which relief may be granted. (*Id.*). The Court declines to adopt the magistrate's analysis or conclusion because it cannot adopt either premise at this stage in the litigation.

With respect to the first premise, there is no evidence before the Court at this early stage to support the conclusion that all natural gas or gas liquids contain radioactive elements. Indeed, Defendants dispute the premise that "all natural gas liquids contain radioactive products." (Mot. Dismiss, Dkt. 13, at 3). In Cotton's objection, he disputes the premise that all natural gas liquids are radioactive. (Obj., Dkt. 27, at 3). Rather than alleging that all natural gas or gas liquids would run afoul of the "radioactive products" clause, Cotton's complaint alleges only that certain natural gas liquids being conveyed through the pipeline—"such as propane, ethane, and propylene"—contain radioactive elements or isotopes. (Am. Compl., Dkt. 9, at 3). The truth of that allegation must be assumed at this stage and the dispute concerning that allegation must be resolved after the parties have had an opportunity to conduct discovery and marshal evidence to support their positions.

The second premise is improper on the same grounds. Cotton alleges that Defendants are conveying (among other things) radon gas and polonium-210 through the pipeline. (Am. Compl., Dkt. 9, at 3). Even if the "radioactive products" clause, properly interpreted, were to include only "ultra-hazardous products," there is no evidence before the Court at this stage about how hazardous (or not) these elements and isotopes are. Viewing Cotton's allegations in the light most favorable to him and assuming them to be true, the Court finds that he has plausibly alleged that Defendants have breached a clause of their easement contract. The truth of Cotton's allegations with respect to this claim can be tested at a later stage in this litigation.

Finally, the Court agrees with the magistrate judge's recommendation that Cotton's motions to amend his complaint be denied on the grounds of futility, (R. & R., Dkt. 25, at 26), because the Court agrees that Cotton's proposed amended complaints demonstrate that it would be futile for him to amend his pleading with respect to any cause of action other than breach of contract. However, because Federal Rule of Civil Procedure 15(a) states that a court "should freely give leave when justice so requires," the Court will consider a motion from Cotton to amend his complaint pertaining only to his breach of contract claim. Fed. R. Civ. P. 15 (a)(2); *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (stating that Rule 15 "evinces a bias in favor of granting leave to amend" such that a district court's discretion to deny a motion to amend "is not broad enough to permit denial" unless there is a "substantial reason" to deny leave to amend) (citation and quotation marks omitted).

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Magistrate Judge Manske's report and recommendation, (Dkt. 25), is **ADOPTED IN PART AND NOT ADOPTED IN PART**.

Specifically, the Court **ADOPTS** the report and recommendation's findings of fact and conclusions of law with respect to every cause of action in Cotton's complaint except for his breach

5

of contract claim. However, the Court **REJECTS** the magistrate judge's analysis and recommendation concerning the breach of contract claim.

Defendants' Motion to Dismiss, (Dkt. 13), is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court **GRANTS** Defendants' motion with respect to all of Cotton's causes of action other than his breach of contract claim; those claims are **DISMISSED**. However, the Court **DENIES** Defendants' motion with respect to Cotton's breach of contract claim.

Finally, the Court **DENIES** Cotton's Motions to Amend, (Dkts. 21, 23), without prejudice to filing a motion to amend pertaining only to Cotton's remaining breach of contract claim.

**SIGNED** on March 22, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE